UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Timothy Gary,<br><br>                     Petitioner,<br><br>v.<br><br>Christopher Hudson, Major of the Johnson Detention Center,<br><br>                     Respondent. | C/A No. 6:09-03175-JFA-WMC<br><br>**Report and Recommendation** |

Samuel Timothy Gary (Petitioner), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee at the Laurens County Johnson Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] Petitioner claims deprivation of a speedy trial and use of false indictments as his grounds for habeas relief. The petition should be dismissed as Petitioner has filed in federal court prematurely.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **Discussion**

Petitioner cites to the Federal Speedy Trial Act (STA), 18 U.S.C. § 3161 et seq., in support of his habeas petition. The STA applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State. 18 U.S.C. § 3172; *United States v. Rodriguez-Amaya*, 521 F.3d 437, 441 (4th Cir. 2008). Petitioner is a detainee in a South Carolina local detention center facility, and he provides a State Court case number for his pending charges. (Pet. at 2-3.) Therefore, the Federal Speedy Trial Act provides no basis

2

for relief in this case. It is the Sixth Amendment,[3] which provides that criminal defendants have the right to a speedy and public trial, made applicable to the States in 1948, that forms the basis of Petitioner's habeas claim. *See In Re Oliver*, 333 U.S. 257, 273 (1948).

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)), *cert. denied*, 517 U.S. 1123 (1996). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state

---

[3]The Sixth Amendment reads in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."

interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner states "I have been waiting on trial for 16 months . . . ." (Pet. at 5.) Clearly, an ongoing state criminal proceeding exists. The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention

4

because "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

In *Moore*, *id.* at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. *See generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226-27. Petitioner can pursue his claims in state court both during and after trial, so he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

### **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the petition *without prejudice* and without requiring the respondents to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). The petitioner's attention is directed to the important notice on the next page.

                                                            s/William M. Catoe
                                                            United States Magistrate Judge

December 21, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).