UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Samuel Timothy Gary, | ) | C/A No. 6:09-3175-JFA-WMC |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Christopher Hudson, Major of the Johnson Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Samuel Timothy Gary, brings this action pursuant to 28 U.S.C. Section 2241. He is a pretrial detainee at the Laurens County Johnson Detention Center. Petitioner claims a deprivation of a speedy trial and use of false indictments.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the petition is premature and should be dismissed because the petitioner's state court proceedings are ongoing. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation, which was entered on the docket on December 21, 2009, however he has not done so within the time limits prescribed.

As the Magistrate Judge correctly notes, the Speedy Trial Act applies to criminal prosecutions brought by the United States and is not applicable to prosecutions by a State. 18 U.S.C. Section 3172; *United States v. Rodriguez-Amaya*, 521 F.3d 437, 441 (4th Cir. 2008). Rather, it is the Sixth Amendment which provides state criminal defendants the right to a speedy and public trial. As such, the federal Speedy Trial Act provides no basis for relief to petitioner.

The Magistrate Judge also correctly states that a federal court should not interfere with state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971). The Fourth Circuit Court of Appeals has also set forth the following requirements to determine when federal court abstention from a state court criminal proceeding is appropriate: (1) if there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n of Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 243 (1982)).

Here, the petitioner is clearly awaiting trial on his charges, so an ongoing state criminal proceeding exists. Finding no important state interests or special circumstances exist to justify the provision of federal review, this court agrees with the Magistrate Judge's

findings that petitioner can pursue his claims in state court and cannot show that he has no adequate remedy at law or will suffer irreparable injury if his request is denied. *See Younger*, 401 U.S. at 43-44.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

January 26, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge